EASTERN DIS.
*February,* 1833.

VIGNIE
*vs.*
BLACHE.

**VIGNIE *vs.* BLACHE.**

APPEAL FROM THE COURT OF PROBATES OF THE PARISH AND CITY OF NEW-ORLEANS.

He who is injured by an injunction, though not a party, may appeal from the decision of the court below refusing to dissolve it.

The Register of Wills cannot be made a defendant in a cause to test the correctness of an order of the court directed to him.

The plaintiff brought this suit to enjoin the register of wills, for the parish of New-Orleans, from selling a certain house and lot, and to rescind the order of court given for that purpose. The plaintiff had purchased the house and lot at a sale by the register of wills, and received the certificate of the latter, purporting to give a complete title to the premises. The plaintiff took possession and has since retained it, and offers to comply with the terms of the sale on his part. The sale was to effect a partition of the property of certain heirs, who obtained a subsequent order to sell the same property. The plaintiff seeks to protect himself from the effect of this second order.

The injunction having been granted, one of the heirs ruled the plaintiff to show cause why the petition should not be dismissed and the injunction dissolved. This rule was discharged, and the intervening heir appealed.

*D.* and *J. Seghers,* for appellant.

1. The petition shows no defendant in the cause.

2. It is contrary to art. 171, 172 of the *Code of Practice.*

3. The injunction is a conservatory act which may accompany the demand. *Code of Practice, p.* 74, *sec.* 4.

4. It is a provisional order which may be obtained to give effect to the suit, and cannot therefore be granted except in a suit. *Code of Practice, art.* 208, 209.

5. In order to proceed against the register of wills, or the sheriff, a suit must be brought claiming something. But here

nothing is claimed, neither possession nor damages, nor is there a defendant to the action.    There is therefore no suit.

6. The plaintiff complains in his very petition, that he is disturbed by the heirs of Crévon.    He ought to have proceeded against them by a possessory action, and prayed for an injunction as an accessory to his petition, or to have made them parties to this suit, if a suit there be.

7. When an injunction is prayed for, it may be set aside on motion and in a summary manner.

8. The judgment is a final one in the possessory action, and leaves only open to the heirs of Crévon the petitory action, thus depriving them of the right of having the property sold *immediately*, without having been heard, and without an opportunity having been afforded to them of being heard.

9. The heirs of Crévon have a right either to proceed against Vignié by causing, on motion, his petition and injunction to be set aside, or by instituting a new suit against him.    The choice is theirs.

*Denis, contra.*

MARTIN, J. delivered the opinion of the court.

The petitioner alleged he had become the last and highest bidder of a house and lot, at the sale by the defendant, register of wills, in pursuance of an order of the Court of Probates to effect the partition of a succession, and on its being adjudicated to him, he had gone into possession with the regular certificate, and has enjoyed it for upwards of one year, during which time he tendered the price to that officer, who declined to accept it; that the same has never been demanded by the heirs, who have never put him *in mora;* that notwithstanding this, the defendant has again offered the house and lot for sale, to the great injury and annoyance of the plaintiff.    On these facts he obtained an injunction, which one of the heirs made an unsuccessful attempt to have dissolved and the suit dismissed, and appealed.

The appellee has contended that no appeal lies from the refusal to dissolve the injunction.

He who is injured by an injunction, though not a party, may appeal from the decision of the court below refusing to dissolve it.

The register of wills cannot be made a defendant in a cause to test the correctness of an order of the court directed to him.

It has appeared to us, that whatever may be the case, in many cases the appellant who was not made a party below, and who has an interest in having an injunction dissolved, would suffer an irreparable injury if he were not permitted to appeal, as the sale he has provoked could never take place, the register of wills, who has been made a party, being without any interest to contest the plaintiff's pretensions, and the intervening party having failed to obtain the only relief he could have. We therefore conclude, that the appeal was properly taken.

On the merits the appellant has shown that the petition has no defendant in the cause, and is contrary to the Code of Practice 171 and 172; that an injunction is a conservatory process accompanying a demand, *ibid.* 74, sec. 4, or a provisional order to give effect to a suit, and cannot therefore be given except in a suit. *Ibid.* 208 and 209.

The Court of Probates was of opinion, that although in the article of the Code last cited, an injunction is classed among conservatory acts, which may accompany a demand, the petitioner being disturbed by the register, in the possession which he has had for a year, might seek relief against the disturber. *Ibid.* 298.

In our opinion the Court of Probates erred. The heirs who purchased the second sale were the real *disturbers*, if any there was. The defendant, as register of wills, was the ministerial officer, who was to carry the order of the court into execution, which could not be enjoined without a bond being given to the party who might sustain an injury by a wrongful delay; the register could not receive any injury personally, except in being delayed in receiving his fees. he had no right to stand on judgment to contest or admit the petitioner's pretensions.

An heir having intervened and made himself a party, we have doubted whether, as the facts sworn to and uncontradicted, show a proper case for relief, if proper parties were made, this did not appear to be one of those cases in which an injunction improvidently issued is sustained, because on the dissolution, the applicant would be entitled to a new one,

but the sale is ordered to effect a partition among heirs, one of whom only is in court, and does not appear authorised to act for the others; the applicant has not brought them in; he does not allege that the order has been improperly obtained from the court; it is not urged, that the register acts by their order, or as their agent, which renders it extremely doubtful, whether they could avail themselves of the bond given to the register for the recovery of damages resulting from injudicious delay.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Probate Court be annulled, avoided and reversed, the injunction dissolved, and the petition dismissed with costs in both courts.